**TURNBULL, ET, BOARD OF COMMRS. OF GREENE COUNTY, Plaintiffs-Appellants, v. XENIA (CITY), ET AL., Defendants-Appellees.**

Ohio Appeals, Second District, Greene County.

No. 496. Decided October 25, 1946.

Marcus Shoup, Prosecuting Attorney for Greene County, Xenia, for Plaintiffs-Appellants.

William A. Miller, City Attorney, Xenia, for Defendants-Appellees.

## OPINION

By THE COURT:

This is an appeal on law and fact from the Court of Common Pleas of Greene County, Ohio. This cause is submitted to us on demurrer to the second amended petition, which is the same as was considered in the trial court. The petition alleges that the plaintiffs are the duly elected, qualified and acting Board of Commissioners of Greene County, Ohio, and as such Board are vested with the title to the County of Greene Court House and the appurtenant premises upon which the same stands; that the city of Xenia, Ohio, is a municipal corporation under the laws of the state of Ohio, and that the other defendants are officers of the city as designated in the caption hereof, who are empowered with authority in said city.

The plaintiffs allege further that the County of Greene Court House premises is bounded on its east side by Green Street, a public street running north and south between Main and Market Streets in said City of Xenia; that said Green Street was created by virtue of a certain deed of conveyance executed by the Commissioners of Greene County, Ohio, etc.

Plaintiffs further say that in the year 1933 a four and one-half foot strip of said Court House grounds lying parallel along the west side of Green Street was employed by the city of Xenia for the purpose of widening Green Street, said widening being accomplished under a verbal arrangement between the city and county; that said verbal agreement was not in conformity with the applicable laws governing county commissioners; that county commissioners have only such powers, express or implied, as are granted to them by the legislature of the state of Ohio; that an act or proceeding by county commissioners inconsistent therewith is null and void and that the said verbal arrangement in 1933 was of no force and effect and was therefore null and void; that the city of Xenia has no jurisdiction by easement, use, title or prescriptive right over said four and one-half foot strip, and the County of Greene holds the fee title to said four and one-half foot strip.

The plaintiffs allege further that the defendants, the Commission of the city of Xenia, Ohio, on the 22nd day of November, 1944, adopted Ordinance No. 778 which provides:

"An ordinance relating to traffic and regulating the use of public streets and highways, prescribing regulations relative to parking of vehicles, and providing for the installation, operation, maintenance, supervision and control of the use of parking meters, and providing for the enforcement of penalties for the violation of such regulations;"

and which further in part provides:
Section 1:

"The following streets are hereby designated as parking meter zones:
(c) Green Street, from Main Street northwardly to Market Street."

Plaintiffs say further that in compliance with said ordinance the parking meters were installed on the designated streets with the exception of the west side of Green Street; that the city manager has ordered installation of meters to be made on the remaining west side of Green Street and will cause such installation to be effected unless restrained by the Court.

Plaintiffs further allege that the proposed installation of parking meters on said strip of ground in consideration of the above recited facts and as against the will and consent of the county is without authority of law; that the city has no right to exercise traffic control or regulations over said four and one-half foot strip. Plaintiffs further say that they are without adequate remedy at law.

The prayer asks that the defendants be enjoined from proceeding with said installation of meters on the county premises and that a temporary restraining order issue, and that upon a final hearing said order be made perpetual and that said plaintiffs be granted any and such further relief to which they may be entitled.

To this petition a general demurrer was filed for the reason that the same does not state facts sufficient to constitute a cause of action against these defendants. A motion to dissolve the temporary restraining order was also filed for the same reason.

The trial court held and we think properly so, that no cause of action is stated for injunctive relief since title to the

four and one-half foot strip is involved and that a question of title cannot be raised by injunction but must be determined in a court of law. Citing the case of **Harlan v Weidt, 6 Oh Ap 45.** This view is also supported by **15 O. Jur. 152, Par. 3,** which provides:

"Ejectment, and not injunction, is a proper remedy against one in possession of real property without title or right."

Ejectment under the Code is brought upon averments that the plaintiff has a legal title and is entitled to the possession but is unlawfully kept out of the possession by the defendant. The pleadings disclose that the title is in the plaintiffs and the defendants are in possession of the four and one-half foot strip and that the same is being used as a part of the street.

We are of the opinion that the plaintiffs have failed to set forth a cause of action justifying the granting of an injunction or other equitable relief, and the motion to dissolve the temporary injunction should be sustained, all of which was properly done by the trial court.

The next question presented is whether or not the petition states a cause of action in ejectment and if so the demurrer should be overruled. As stated supra, in order to maintain an action in ejectment the plaintiff must have a right to possession before he can recover.

"Proof of a perfect legal title in the plaintiff is prima facie a sufficient right of entry to support ejectment, as legal title draws to and carries with it the right of possession." **15 O. Jur. 155, Par. 6.**

We are of the opinion that the petition contains all of the necessary averments to maintain an action in ejectment.

Defendants urge that even conceding that the arrangement between the parties hereto with reference to the four and one-half foot strip is null and void as not being made in conformity with the applicable laws governing county commissioners, still the plaintiffs cannot recover and no cause of action is stated. Citing **Buchanan Bridge Co. v Campbell, et al., 60 Oh St 406,** the syllabus of which provides:

"A contract made by county commissioners for the purchase and erection of a bridge in violation or disregard of the statutes on that subject, is void, and no recovery can be

had against the county for the value of such bridge. Courts will leave the parties to such unlawful transaction where they have placed themselves, and will refuse to grant relief to either party."

In this case the board of county commissioners failed to comply with specific mandatory requirements in the entering of a contract for the purchase of bridge materials. After such were furnished the county prosecuting attorney obtained a restraining order preventing the county auditor's warrant from issuing for the payment of the bridge claim for the reason the same had been carried out by the commissioners without complying with the statutes. The bridge company was denied its claim and the Court said on page 419:

"Whatever the rule may be elsewhere, in this state the public policy, as indicated by our constitution, statutes and decided cases, is, that to bind the state, a county or city for supplies of any kind, the purchase must be substantially in conformity to the statute on that subject, and that contracts made in violation or disregard of such statutes are void, not merely voidable, and that courts will not lend their aid to enforce such a contract directly or indirectly, but will leave the parties where they have placed themselves. If the contract is executory, no action can be maintained to enforce it, and if executed on one side, no recovery can be had against the party of the other side.

"Experience has shown that this policy is necessary to prevent abuse, and protect the public treasury from depletion by unscrupulous public officers."

And on page 426:

"* * * The commissioners have no power to bind the county in that way, and to allow such a course to be pursued would permit the evasion of the statutes."

We are of the opinion that the doctrine announced in this case supports the claim of the plaintiffs rather than that of the defendants. If the arrangement as made was void, then the parties are in the same position as they were in 1933, and the defendants have no right to use the strip for street purposes in the event that the county commissioners no longer desire that the property be so used, but so long as the city of Xenia uses and is permitted to use said strip for street purposes, the city, through its duly qualified officers has full

power and legal right to construct and maintain parking meters on the said strip.

It was held in **20 OO p. 538,** that the acquirement of parking meters is incidental to the exercise by the municipality of its authority to regulate traffic and constitutes a municipal purpose authorized by law within the meaning of §1635 GC.

Again, the rule was laid down in **11 O. Jur. Sec. 240, p. 515:**

"Under the rule that contracts made by a board of county commissioners are void unless they come within and conform to the statute, a contract is invalid unless the commissioners have complied with the mandatory provisions of the statute respecting the manner of letting it."

See also 1935 Opinions of Attorney General, No. 4198, which involves the principles under consideration here, the opinion holding:

"There is no other statutory authority empowering the commissioners of a county to sell and/or lease real estate belonging to the county other than under the statutes §§2447 **and 2447-1 GC.** The Legislature in Ohio enacted such laws to prescribe a method for the sale or leasing of real estate not needed for county purposes."

Reference is also made by counsel for the defendants to the case of Nearing, et al. v Toledo Electric St. Ry. Co., 9 O. C. C., 596. We have carefully examined this case and cannot agree that it has application to the facts as presented in the petition. This was an action brought by the plaintiffs as owners of property abutting upon a street for the purpose of enjoining the defendant from entering upon that street and running its cars upon it. The question arising here was in regard to the signatures of the county commissioners to a paper consenting to the use of that street by the property owners. No record was made upon the journals of the county commissioners of the action of the Board on this matter. The Court held in syllabus 3:

"The action of a board of county commissioners consenting in writing for a street railway to occupy a street, is valid, although not entered in the journal of the board; such action may be shown to have been taken by parol evidence."

It will be noted that in this case the county commissioners were raising no objection to the defendant using the street for railway purposes. On page 606 the Court said:

"Now, in this case, so far as the question is concerned, the commissioners are content with the consent that they have already given. Their consent has been one that has been acted upon by the street railway company. * * The person who objects to this signature is a person who owns property upon the street, who has the right to object to the railway going upon the street until it has obtained the requisite number of consents. But we think this consent may be given by the board of commissioners signing a paper such as this. **It is a vote; it is not a grant of any property; it is not a conveyance of property;** it is an expression of the assent of the owners given in writing to the construction of the railway through the street, which written consent is to be laid before the common council of the city."

The Court in this case was not called upon to determine the validity of the consent given by the county commissioners in the event that they might desire to withdraw the same. That is the question we have in the case at bar. There is no authority in this state for an oral dedication of county owned real estate.

For the foregoing reasons the motion to dissolve the restraining order is sustained and the demurrer is overruled. The cause is ordered remanded for further proceedings according to law.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.