[Cite as *1229 Summit, L.L.C. v. Cater* , 2018-Ohio-2728.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106007**

**1229 SUMMIT, L.L.C.**

PLAINTIFF-APPELLANT

vs.

**LAWRENCE CATER, ET AL.**

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-835162

**BEFORE:** Laster Mays, J., Blackmon, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** July 12, 2018

-i-

**ATTORNEY FOR APPELLANT**

Richard D. Eisenberg
1413 Golden Gate Boulevard, Suite 200
Mayfield Heights, Ohio 44124


**ATTORNEYS FOR APPELLEES**

**FOR LAWRENCE AND VALERIE CATER**

Paul A. Bayer
27600 Chagrin Boulevard, Suite 460
Cleveland, Ohio 44122

**FOR FAST TRACK TITLE**

L. Bryan Carr
1392 Som Center Road
Mayfield Heights, Ohio 44124

ANITA LASTER MAYS, J.:

{¶1} Plaintiff-appellant, 1229 Summit, L.L.C. ("Summit") appeals the trial court's decision awarding damages to the defendants-appellees, Lawrence Cater ("Cater"), Valerie Cater, and Fast Track Title. Summit also appeals the trial court's denial of Summit's demand for judgment of ejectment and the granting of Cater's motion for reconsideration. We affirm the trial court's decision.

## I. Facts

{¶2} On March 6, 2014, Summit and Cater entered into an agreement requiring Cater to purchase a residential property located in Garfield Heights, Ohio from Summit. According to Summit, Cater was supposed to deposit all funds in escrow by April 3, 2014. Summit alleges that Cater failed to meet that deadline, therefore, Summit extended the deadline to May 14, 2014. However, Summit claims that Cater did not deposit the funds until June 6, 2014. The record reflects that Cater provided $33,792.80 into escrow on May 8, 2014. Summit claims that there was not enough funds to cover all of the taxes and interest. As a result of these deficient funds, Summit entered into an agreement that Cater would deposit an additional $1,000 and Summit would be subject to a $5,000 liquidated damages clause if Summit did not sign all necessary documents. The record supports that Cater provided the additional $1,000 on June 6, 2014.

{¶3} Summit claims, however, that Cater did not deposit the $1,000, therefore, Summit cancelled the transaction and ordered the title company not to return the funds in escrow. Cater alleges that because Summit did not complete the transaction, he was evicted from his previous home and forfeited $2,000 that he was to receive from his prior lender in a "cash for keys" agreement. Summit did not pay taxes on the property, and as a result a tax lien certificate was

purchased by Woods Cove III, L.L.C. ("Woods Cove"). Woods Cove then initiated a foreclosure action for unpaid taxes. Woods Cove continued to assess penalties, interest, and foreclosure costs on the property. However, Summit alleges that Cater moved into the property unlawfully, thus prompting Summit to file an action for ejectment on October 31, 2014.

After a series of continuances, the trial court held a hearing and rendered its decision on November 15, 2016, denying the ejectment claim and ordering specific performance as to the transfer of real estate as if the transaction occurred on May 8, 2014.

{¶4} Summit file an appeal on December 14, 2016, in *1229 Summit, L.L.C. v. Lawrence Cater,* 8th Dist. Cuyahoga No. 105260. On May 17, 2017, this court sua sponte dismissed the appeal for a lack of a final appealable order. This court determined that the trial court did not dispose of appellee's fraud claim or determine that there is no just reason for delay and had left an item of damages open for future determination. Cater filed a motion for reconsideration, and the trial court granted it. On July 11, 2017, the trial court entered its final judgment.

{¶5} In its journal entry, the trial court stated,

> Defendants' motion for reconsideration, filed 06/29/2017, is granted. The court's opinion, dated 6/15/2017, awarded $16,165.02 to the defendants. This amount included $14,165.02 in the form of interest, penalty and foreclosure costs plus $2,000.00 for defendants' lost "Cash for Keys." The opinion also stated that "the remaining funds in escrow shall be apportioned to close the deal." In its original opinion, dated 11/14/2016, the court awarded any deficiency in closing costs to the defendants. The court omitted this award in its amended opinion because the exact amount of the deficiency was left open to future determination. However, defendants now submit evidence as to the exact amount of the deficiency. The evidence submitted with the defendants' motion for reconsideration reflects that the amount in escrow is $34,402.80 and the amount required for closing is $40,871.26, leaving a deficiency of $6,468.46. Accordingly, the court now corrects its amended opinion, dated 6/14/2017, and awards $6,468.46 to the defendants as the amount required to close the sale in addition to the amount in escrow. Notice issued.

Journal entry No. 99580934 (July 11, 2017).

**{¶6}** As a result of this decision, Summit filed this appeal and assigns four errors for our review:

> I.      The trial court's judgment and opinion are substantially unsupported by any evidence;
>
> II.     The trial court improperly denied plaintiff's demand for judgment of ejectment;
>
> III.    The trial court improperly disregarded the parties' liquidated damage agreement; and
>
> IV.    The trial court committed error by granting a motion for reconsideration without jurisdiction or authority to do so.

## II.    Manifest Weight

**{¶7}** Summit, in its first assignment of error, argues that the trial court's ruling was unsupported by the evidence and that the judgment was against the weight of the evidence. "When evaluating whether a judgment is against the manifest weight of the evidence in a civil action, the court uses virtually the same standard of review as in the criminal context. *In re Washington*, 143 Ohio App.3d 576, 758 N.E.2d 724 (8th Dist.2001)." *In re M.H.*, 8th Dist. Cuyahoga No. 80620, 2002-Ohio-2968, ¶ 17.

> While we agree with the proposition that in some instances an appellate court is duty-bound to exercise the limited prerogative of reversing a judgment as being against the manifest weight of the evidence in a proper case, it is also important that in doing so a court of appeals be guided by a presumption that the findings of the trier-of-fact were indeed correct. The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. The interplay between the presumption of correctness and the ability of an appellate court to reverse a trial court decision based on the manifest weight of the evidence was succinctly set forth in the holding of this court in *C.E. Morris Co. v. Foley Construction Co.*, 54 Ohio St.2d, 376 N.E.2d 578 (1978): "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being

against the manifest weight of the evidence." *See also, Frankenmuth Mut. Ins. Co. v. Selz*, 6 Ohio St.3d 169, 172, 451 N.E.2d 1203 (1983); *In re Sekulich*, 65 Ohio St.2d 13, 16, 417 N.E.2d 1014 (1981).

*Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶8} After a review of the record, Summit has not demonstrated that the trial court erred. Summit argued that the lack of legal support for its position is because this may be a case of first impression. We disagree. Cater demonstrated that they deposited the requested funds into escrow. After Summit requested additional funds, not included in the original contract for sale, Cater provided an additional $1,000. After Cater complied, Summit refused to transfer title and sign the final escrow document. We find that the trial court was in the best position to examine the evidence and testimony to render a fair and impartial judgment. After reviewing the record, we find that the judgment is supported by some competent, credible evidence.

{¶9} Regarding appellant's claim that this argument lacks legal support because it may be a case of first impression, we find that this argument also lacks merit. We have determined as required in App.R. 16 in a prior decision the following:

> [u]pon review of appellant[s'] brief, we find appellants failed to properly argue their first assignment of error as required under App.R. 16 which states in pertinent part: (A) Brief of the Appellant. The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
>
> * * *
>
> (7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. * * *.
>
> Accordingly, appellant's second assignment of error is not well taken. *See*, App.R.12; *Hawley v. Ritley*, 35 Ohio St.3d 157, 519 N.E.2d 390 (1988); *Delaney*

*v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 65714, 1994 Ohio App. LEXIS 2980 (July 7, 1994), unreported.

*Austin v. Cleveland*, 8th Dist. Cuyahoga No. 66575, 1995 Ohio App. LEXIS 370 (Feb. 2, 1995).

**{¶10}** Summit's first assignment of error is not well taken and overruled.

## III.     Judgment of Ejectment

**{¶11}** In Summit's second assignment of error, appellant argues that the trial court improperly denied the demand for judgment of ejectment.

> Ejectment is the proper remedy against one wrongfully in possession of real property. *Turnbull v. Xenia*, 80 Ohio App. 389, 392, 69 N.E.2d 378 (2d Dist.1946). Ejectment is available where the plaintiff has a legal title and is entitled to the possession of the real property but is unlawfully kept out of the possession by the defendant. *Id.*

*Liberty Self-Stor, Ltd. v. Porter*, 2d Dist. Montgomery Nos. 21699 and 21728, 2007-Ohio-1510, ¶ 20.

**{¶12}** After reviewing the record, Summit has not demonstrated that Cater was wrongfully in possession of the property. The record reflects that Cater provided the requested funds in escrow as required by Summit, in addition to $1,000. Additionally, the title of the home was ultimately transferred to Cater. Summit has not submitted evidence that it has legal title to the property and is entitled to possession of the real property but was unlawfully kept out of the possession by Cater.

**{¶13}** Summit's second assignment of error is overruled.

## IV.    Damages

**{¶14}** In Summit's third assignment of error, it contends that the trial court improperly disregarded the parties' liquidated damages agreement. We will not disturb a trial court's decision as to the determination of damages absent an abuse of discretion. *Sivit v. Village*

*Green of Beachwood, L.P.*, 2016-Ohio-2940, 65 N.E.3d 163, ¶ 25 (8th Dist.). An abuse of discretion implies more than an error of law or judgment. Rather, abuse of discretion suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶15} The trial court determined that Summit owed Cater $14,165.02 for interest, penalties, and foreclosure costs plus $2,000.00 the defendant forfeited from their lender. The trial court also determined that the evidence showed that Cater was deficient of $6,468.46 because of Summit's breach, and awarded that amount to Cater as well.

> As a matter of law, an award of damages should place the injured party in as good a position as it would have been in the absence of breach. *See F. Enterprises, Inc. v. Kentucky Fried Chicken Corp.*[,] 47 Ohio St.2d 154, 351 N.E.2d 121 (1976); *Homes by Calkins, Inc. v. Fisher,* 92 Ohio App.3d 262, 634 N.E.2d 1039 (12th Dist.1993). A party injured by a breach has the right to expect to be put "in as good a position as he would have been in had the contract been performed." Restatement of the Law 2d, Contracts (1981), 102-103, Section 344.

*22810 Lakeshore Corp. v. Xam, Inc*., 8th Dist. Cuyahoga No. 79091, 2002-Ohio-20. Therefore, we find that the trial court awarded damages in favor of Cater putting him in a position as if the sale and transfer of the property occurred on May 8, 2014. We find that the trial court did not abuse its discretion.

{¶16} Summit's third assignment of error is overruled.

## V. Motion for Reconsideration

{¶17} In Summit's fourth assignment of error, appellant contend that the trial court committed error by granting a motion for reconsideration without jurisdiction or authority to do so. It has been held that the Civil Rules do not provide for a motion for reconsideration and hold such motion of a final appealable order to be a nullity. *Pitts v. Dept. of Transp.*, 67 Ohio

St.2d 378, 423 N.E.2d 1105 (1981). However, the judgment of the trial court was determined not to have been a final appealable order by judgment of this court.

{¶18} On May 17, 2017, this court dismissed the initial appeal filed in December, 2016, finding that the trial court's judgment entry was not a final appealable order. *See* journal entry No. 507175 (May 17, 2017). This court ruled that appellee's fraud claim was not disposed of nor was there a determination that there was no just reason for delay and that an item remained open for the determination of future damages.

> An order which does not determine all of the damage allegations for a single cause of action does not conclude that claim. *Norvell v. Cuyahoga Cty. Hosp.*, 11 Ohio App. 3d 70, 463 N.E.2d 111 (1983). When the amount of damages is left unresolved until a future time, there is no final judgment from which to take an appeal. *Fireman's Fund Ins. Co. v. BPS Co.*, 4 Ohio App.3d 3, 446 N.E.2d 181 (1982). *Id.*

*Williams v. Waller*, 8th Dist. Cuyahoga No. 69069, 1996 Ohio App. LEXIS 5830, *15 (Dec. 26, 1996).

{¶19} Reviewing the record, the trial court, in its journal entry, left the amount of closing costs open because the exact amount of closing costs was unavailable to the appellee at that time. Once evidence of the amount became available to the appellee, Cater submitted it to the court. The trial court, on remand, was concluding the unresolved claims. "A trial court must follow the mandate of an appellate court when a case is remanded. *Graham v. Graham*, 98 Ohio App.3d 396, 400, 648 N.E.2d 850 (2d Dist.1994)." *Orley v. Orley*, 8th Dist. Cuyahoga No. 72789, 1998 Ohio App. LEXIS 190, at *4 (Jan. 22, 1998). Therefore, we determine that the granting of the motion for reconsideration issue is moot where the trial court was following the mandate of the appellate court in addressing all outstanding claims.

{¶20} Therefore, Summit's fourth assignment of error is overruled.

**{¶21}** Judgment is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

PATRICIA ANN BLACKMON, P.J., and
LARRY A. JONES, SR., J., CONCUR