[Cite as *U.S. Bank Natl. Assn. v. Downs*, 2016-Ohio-5360.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| U.S. Bank National Association | Court of Appeals No. E-15-062 |
| Appellee | Trial Court No. 2013 CV 0122 |
| v. | |
| Daniel D. Downs, et al. | **<u>DECISION AND JUDGMENT</u>** |
| Appellants | Decided:  August 12, 2016 |

* * * * *

Gregory A. Stout and Paul M. Nalepka, for appellee.

Daniel L. McGookey and Kathryn M. Eyster, for appellants.

* * * * *

**YARBROUGH, J.**

## I.  Introduction

{¶ 1} This is an appeal from the judgment of the Erie County Court of Common Pleas, granting summary judgment in favor of appellee, U.S. Bank National Association ("U.S. Bank").  Finding no error in the trial court's judgment, we affirm.

## A. Facts and Procedural Background

{¶ 2} U.S. Bank filed its complaint in this foreclosure action on February 14, 2013. In its complaint, U.S. Bank alleged that appellants, Daniel and Susanna Downs, had defaulted on the terms of a promissory note executed in U.S. Bank's favor in exchange for a home loan used to purchase real estate located at 7410 Parker Road, Castalia, Ohio. Specifically, U.S. Bank claimed that appellants failed to make certain installment payments as required under the terms of the note and the subsequent loan modification. According to the complaint, a sum of $126,769.97 was due on the note, along with interest at the rate of 5.25 percent per annum from May 1, 2012, and other costs.

{¶ 3} U.S. Bank further alleged that it is the holder of the note and attendant mortgage. Copies of the note and mortgage were attached to the complaint. The note contains a special endorsement from Cummings Mortgage Service, Inc. to U.S. Bank, as well as a blank endorsement from U.S. Bank.[1] Cummings Mortgage Service, Inc. is listed as the lender under the mortgage, while Mortgage Electronic Registration Systems, Inc. (MERS) is the named mortgagee and the nominee for Cummings and its successors and assigns.

---

[1] In its complaint, U.S. Bank alleged that it was in possession of the note.

2.

{¶ 4} One month prior to the filing of the complaint, MERS, acting as nominee for Cummings, executed an assignment of the mortgage to U.S. Bank. This assignment was also attached to U.S. Bank's complaint.

{¶ 5} On March 6, 2013, appellants filed their answer, in which they denied all allegations in U.S. Bank's complaint and asserted 18 affirmative defenses. The case proceeded through discovery until U.S. Bank filed its motion for summary judgment on July 20, 2015.

{¶ 6} In its motion for summary judgment, U.S. Bank argued that it was entitled to judgment on its complaint in foreclosure as the holder of the note and mortgage. Several pieces of evidence were attached to U.S. Bank's motion for summary judgment, including an affidavit from Rebecca Worthington, an assistant vice president at U.S. Bank. Copies of the note, mortgage, loan modification agreement, and assignment of the mortgage were attached to Worthington's affidavit. Those copies, including the endorsements on the note, mirrored the documents attached to U.S. Bank's complaint. Moreover, a copy of the computation of amounts owed derived from U.S. Bank's electronic records was attached to Worthington's affidavit, supporting her assertion that appellants owed the principal balance of $126,139.44, plus unpaid interest at the rate of 5.25 percent from September 1, 2012.

{¶ 7} On August 24, 2015, appellants filed their memorandum in opposition to U.S. Bank's motion for summary judgment. In their memorandum, appellants advanced several arguments.

3.

**{¶ 8}** First, appellants argued that foreclosure would not be equitable in this case in light of appellants' alleged compliance with the terms of the loan modification agreement. Specifically, appellants referenced the fact that they made three timely payments of approximately $750 during the trial period for the loan modification. After this period expired, appellants entered into the loan modification agreement, which required them to make monthly payments of approximately $975. In their memorandum in opposition to U.S. Bank's motion for summary judgment, appellants acknowledged that they defaulted on their payments under the loan modification agreement. Nonetheless, appellants insisted that they offered to reinstate the loan five months after their default by proffering a payment of $5,000, but such efforts were rejected by U.S. Bank.

**{¶ 9}** Next, appellants argued that U.S. Bank failed to establish that it was the holder of the note and mortgage at the time the complaint was filed. Appellants contended that the "bare allegations" contained in Worthington's affidavit were insufficient to establish that U.S. Bank was the holder of the note and mortgage. Further, appellants asserted that the copy of the note provided to them in discovery did not contain an endorsement, unlike the copy attached to the complaint. According to appellants, this inconsistency raised a genuine issue of material fact as to whether U.S. Bank was entitled to enforce the note. Notably, appellants did not attach a copy of the note produced during discovery to their memorandum in opposition to summary judgment.

4.

**{¶ 10}** In addition to the foregoing arguments, appellants also asserted that U.S. Bank failed to establish that it had met all conditions precedent prior to filing its complaint in foreclosure. Appellants went on to argue that U.S. Bank did not properly file certain documents with the court, and did not establish the amount due under the note.

**{¶ 11}** Along with their memorandum in opposition to summary judgment, appellants also filed a motion to strike Worthington's affidavit. In essence, appellants argued that Worthington's affidavit should be stricken in its entirety because she "does not 'possess a working knowledge of the specific record-keeping system that produced the document.'"

**{¶ 12}** Upon consideration of the foregoing arguments, the trial court issued its decision on the motion for summary judgment on September 18, 2015. In its decision, the court found "reasonable minds can come to but one conclusion, which is adverse to [appellants], that there exists no genuine issues of material fact and that [U.S. Bank] is entitled to judgment in its favor as a matter of law." Ten days later, the court issued its decision denying appellants' motion to strike Worthington's affidavit. Thereafter, appellants filed a timely notice of appeal from the trial court's entry granting U.S. Bank's motion for summary judgment.

5.

## B. Assignment of Error

{¶ 13} On appeal, appellants assert one assignment of error for our review:

> The trial court erred in granting US Bank's Motion for Summary Judgment.

## II. Standard of Review

{¶ 14} We review summary judgment rulings de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate where (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 15} On a motion for summary judgment, the moving party has the burden of demonstrating that no genuine issue of material fact exists. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The moving party must point to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* at 292-293. Pursuant to Civ.R. 56(C), the evidence to be considered is limited to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action * * *." The burden then shifts to the

6.

nonmoving party to provide evidence showing that a genuine issue of material fact does exist. *Dresher* at 293; Civ.R. 56(E).

{¶ 16} To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) The movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the mover is not the original mortgagee, the chain of assignments and transfers; (3) the mortgager is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *Wachovia Bank v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3202, ¶ 40-45.

### III. Analysis

{¶ 17} In their sole assignment of error, appellants assert that the trial court improperly granted U.S. Bank's motion for summary judgment.

{¶ 18} At the outset, appellants challenge the admissibility of the evidence offered in support of U.S. Bank's motion for summary judgment. Specifically, appellants challenge the admissibility of Worthington's affidavit.

{¶ 19} Concerning the use of affidavits in support of a motion for summary judgment, Civ.R. 56(E) provides,

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or

7.

parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

In this case, appellants contend that Worthington's affidavit was not based on personal knowledge. Our review of the affidavit reveals otherwise.

{¶ 20} Worthington stated in her affidavit that she was "directly involved with the subject mortgage loan, and [has] knowledge of its delinquent status." She went on to assert that her affidavit was based upon her personal knowledge and review of U.S. Bank's business records that were created and kept in the regular course of business. "Unless controverted by other evidence, a specific averment that an affidavit is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that the affiant must be competent to testify to the matters stated." *HSBC Mtge. Servs., Inc. v. Edmon*, 6th Dist. Erie No. E-11-046, 2012-Ohio-4990, ¶ 13, citing *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 423 N.E.2d 105 (1981), paragraph two of the syllabus. Appellants offer no evidence to rebut Worthington's statement of personal knowledge. Thus, we find no merit to appellants' assertion that Worthington's affidavit was not made upon personal knowledge.

{¶ 21} Appellants also challenge Worthington's affidavit because she did not state that she compared the copy of the note to the original note in order to ensure that it was a true and accurate copy. However, Worthington did aver that the copy of the note attached to the affidavit was a "true and accurate copy of the Promissory Note." Civ.R. 56(E) is satisfied by a statement in the affidavit declaring that the copies of the

8.

documents submitted are true and accurate reproductions of the originals. *Seminatore* at 467. Because Worthington included such a statement in her affidavit, and in light of appellants' failure to produce any evidence to demonstrate that the documents attached to the affidavit were not true and accurate copies of the originals, we find that the affidavit was properly considered by the trial court under Civ.R. 56(E).

{¶ 22} Turning now to the first element under *Jackson*, appellants argue that U.S. Bank was not a party entitled to enforce the note and mortgage. In response, U.S. Bank insists that it was the holder of the note and mortgage at all times throughout the course of these proceedings.

{¶ 23} In its complaint, U.S. Bank alleged that it was holder of the note and mortgage, and attached a copy of the note, mortgage, and assignment of the mortgage to the complaint. The copy of the note contains a special endorsement from Cummings to U.S. Bank, as well as an endorsement in blank from U.S. Bank.[2] In the affidavit it submitted along with its motion for summary judgment, Worthington stated that U.S. Bank "is, and was at the time of filing the within complaint, in possession of the original Note and Mortgagee of the Mortgage described herein."

{¶ 24} R.C. 1301.201(B)(21)(a) defines a holder of a negotiable instrument as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to

---

[2] Appellants argue that a genuine issue of material fact exists concerning the endorsements on the note because the copy of the note provided to appellants during discovery allegedly does not include an endorsement. Notably, appellants have failed to introduce a copy of such note into evidence and, therefore, we are unable to ascertain the validity of appellants' argument.

9.

an identified person that is the person in possession." Given the unrefuted evidence that U.S. Bank was in possession of the note that was payable to U.S. Bank by virtue of Cummings' endorsement at the time the complaint was filed, we find that it was therefore the holder of the note. Therefore, we find that U.S. Bank has established the first element.

{¶ 25} Turning to the second element, the mortgage contained in the record demonstrates that MERS was the original mortgagee. However, U.S. Bank attached a copy of the assignment of the mortgage to the complaint and the motion for summary judgment, establishing that MERS assigned the mortgage to U.S. Bank prior to the filing of the complaint in this case. Thus, the second element is satisfied.

{¶ 26} Appellants do not dispute that they are behind in their required monthly payments under the terms of the note and mortgage, as modified by the loan modification agreement. Failure to make monthly payments constitutes default under the terms of the aforementioned documents. Consequently, the third element has been met.

{¶ 27} Under the fourth element, appellants argue that U.S. Bank failed to meet all conditions precedent because it did not demonstrate that the notice of default was received prior to foreclosure. Appellants seem to acknowledge that U.S. Bank sent such notice. Indeed, the notice of default that was sent to appellants was attached to Worthington's affidavit. Additionally, U.S. Bank submitted a supplemental affidavit along with its reply to appellants' memorandum in opposition to the motion for summary judgment, in which one of its officers, Angela Ward, stated that a "breach letter" and an

10.

"acceleration notice" was sent to appellants via first class mail on August 15, 2012, and October 26, 2012, respectively. Those notices were attached to Ward's affidavit.

{¶ 28} Notwithstanding the fact that U.S. Bank mailed the notice of default to appellants, appellants argue that the evidence does not establish that the notice was actually received. Relevant to this argument, the mortgage states, in pertinent part: "14. Notices. * * * Any notice to Borrower in connection to this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when delivered to Borrower's notice address if sent by other means." Moreover, the note provides the following with respect to notices: "Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address * * *." Because the express terms of the note and mortgage merely require U.S. Bank to mail the notice of default to appellants, we find that U.S. Bank complied with its obligation to notify appellants of their default.

{¶ 29} Appellant also argues that U.S. Bank failed to comply with the servicing requirements of the Department of Housing and Urban Development (HUD) regarding a face-to-face meeting prior to initiating foreclosure proceedings. We reject this argument because the loan at issue in this case was not insured by HUD. Rather, the servicing regulation applicable in this case is 38 C.F.R. 36.4350(g)(iii), which states:

> In the event the holder has not established contact with the borrower(s) and has not determined the financial circumstances of the

11.

borrower(s) or established a reason for the default or obtained agreement to a repayment plan from the borrower(s), then a face-to-face interview with the borrower(s) or a reasonable effort to arrange such a meeting is required.

{¶ 30} There is no dispute in this case that contact was established between U.S. Bank and appellants prior to the initiation of foreclosure proceedings, leading to the modification of the loan. Therefore, we find that U.S. Bank has satisfied its meeting requirements under the relevant federal regulations, along with all other conditions precedent. By extension, we conclude that U.S. Bank has satisfied its burden under the fourth element.

{¶ 31} Finally, under the fifth element, U.S. Bank was required to introduce evidence to establish the amount due under the note and mortgage. It did so via Worthington's affidavit and the documentary evidence attached thereto, which included a detailed payment history of the loan. We find no error in the trial court's reliance upon such evidence, and we note the failure of appellants to introduce evidence of their own to demonstrate a different amount due under the loan.

{¶ 32} Having found no genuine issues of material fact present in this action, and having determined that U.S. Bank has met its burden under all five of the *Jackson* elements, we conclude that the trial court properly granted U.S. Bank's motion for summary judgment.

{¶ 33} Accordingly, appellants' sole assignment of error is not well-taken.

12.

## IV. Conclusion

**{¶ 34}** For the foregoing reasons, the judgment of the Erie County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Stephen A. Yarbrough, J.

_____
JUDGE

James D. Jensen, P.J.
CONCUR.

_____
JUDGE