[Cite as *State v. Clay*, 2022-Ohio-2878.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 21AP-566 |
| v. | : | (C.P.C. No. 16CR-2512) |
| Emory T. Clay, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on August 18, 2022

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert*.

**On brief:** *Steven P. Billing,* for appellant. **Argued:** *Steven P. Billing*.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Defendant-appellant, Emory T. Clay, appeals from a decision and entry denying his petition for postconviction relief.

{¶ 2} For the reasons that follow, we conclude the trial court should have dismissed appellant's petition for lack of jurisdiction.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} On May 09, 2016, appellant was indicted on charges of participating in a criminal gang in violation of R.C. 2923.42, a felony of the second degree (Count One); aggravated murder in violation of R.C. 2903.01, an unclassified felony (Count Two); murder in violation of R.C. 2903.02, an unclassified felony (Count Three); intimidation of an attorney, victim, or witness in a criminal case in violation of R.C. 2921.04, a felony of the

third degree (Count Four); carrying a concealed weapon in violation of R.C. 2923.12, a felony of the fourth degree (Count Five); tampering with evidence in violation of R.C. 2921.12, a felony of the third degree (Count Six); and having a weapon while under disability in violation of R.C. 2923.13, a felony of the third degree (Count Seven). Counts Two and Three each included a criminal gang activity specification in violation of R.C. 2941.142(A). Count Six included a firearm specification in violation of R.C. 2941.141(A).

{¶ 4} Appellant was found indigent, and a public defender was assigned to represent him in this case. Discovery was filed on June 10, 2016. Supplemental discovery was filed on July 6 and 27, 2016.

{¶ 5} On December 16, 2016, appellant pleaded guilty to the stipulated lesser-included offense of Count One, engaging in a pattern of corrupt activity in violation of R.C. 2923.32, a felony of the second degree, and the stipulated lesser included offense of Count Two, involuntarily manslaughter without a gang specification in violation of R.C. 2903.02, a felony of the first degree. Appellant also pleaded guilty to intimidation of an attorney, victim, or witness in a criminal case in violation of R.C. 2921.04, a felony of the third degree (Count Four); carrying a concealed weapon in violation of R.C. 2923.12, a felony of the fourth degree (Count Five); tampering with evidence with a one-year firearm specification in violation of R.C. 2921.12, a felony of the third degree (Count Six); and having weapons while under disability in violation of R.C. 2923.13, a felony of the third degree (Count Seven). The murder charge (Count Three) was dismissed nolle prosequi. The trial court accepted appellant's guilty plea and sentenced him to 25 years in prison.

{¶ 6} On June 7, 2020, appellant filed a postconviction petition for relief to vacate the conviction and grant a trial. Appellant argued his conviction should be vacated as his plea was not knowingly, intelligently, and voluntarily made based on ineffective assistance of counsel. Appellant argued that he was not, until recently, provided a copy of discovery documents from his case and was unaware of how allegedly deficient his attorney was in his representation. Appellant included an affidavit with his petition. On June 22, 2020, appellee filed a combined memorandum in opposition and motion to dismiss. Appellee argued in its combined motion that appellant's petition should be dismissed as untimely under R.C. 2953.21(A)(2).

{¶ 7} On October 5, 2021, the trial court issued a decision and entry denying appellant's petition without a hearing.

{¶ 8} Appellant filed a timely appeal.

## II.  ASSIGNMENT OF ERROR

{¶ 9} Appellant assigns the following as trial court error:

> [1] TRIAL COURT COMMITTED ERROR WITH ABUSE OF DISCRETION IN DENIAL OF APPELLANT'S REQUEST TO WITHDRAW PLEA WITHOUT A HEARING.

## III.  LEGAL ANALYSIS

### A. Appellant's Sole Assignment of Error

{¶ 10} In appellant's sole assignment of error, he argues the trial court abused its discretion in denying his petition for postconviction relief without a hearing.

{¶ 11} A petition for postconviction relief is not a direct appeal but a collateral civil attack on the judgment. *State v. Wade*, 10th Dist. No. 20AP-456, 2021-Ohio-4090, ¶ 10, quoting *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999).  Pursuant to R.C. 2953.21(A)(1), an individual with a criminal conviction may file a postconviction petition seeking to have the judgment set aside when "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States."  This court has characterized the postconviction process as " 'a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction.' " *Wade* at ¶ 10, quoting *State v. Murphy*, 10th Dist. No. 00AP-233, 2000 Ohio App. LEXIS 6129, *5 (Dec. 26, 2000).

{¶ 12} R.C. 2932.21 does not require the trial court to hold an evidentiary hearing for every postconviction petition.  As such, there is no requirement that a hearing automatically take place. *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980).  In order to warrant an evidentiary hearing, appellant bears the initial burden of offering evidence to establish a cognizable claim of constitutional error. *State v. Barber*, 10th Dist. No.16AP-172, 2017-Ohio-9257, ¶ 18 citing *State v. Ibrahim,* 10th Dist. No. 14AP-355, 2014-Ohio-5307, ¶ 9.  The trial court may deny a petition for postconviction relief without holding an evidentiary hearing when the petition, and supporting affidavits and documentary evidence, does not demonstrate the petitioner has set forth sufficient operative facts to

demonstrate substantive grounds for relief. *Barber* at ¶ 18, citing *Calhoun* at paragraph two of the syllabus.

{¶ 13} We review a trial court's denial of a postconviction petition without a hearing under an abuse of discretion analysis. *State v. Johnson,* 10th Dist. No. 18AP-821, 2019-Ohio-2409, ¶ 6 (further citations omitted). A trial court's decision is upheld under an abuse of discretion analysis if the decision is not unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 14} As an initial matter, we must first determine if we have jurisdiction over this petition. " 'In general, a court lacks jurisdiction to entertain a petition filed after the time limits of R.C. 2953.21(A)(2).' " *Johnson* at ¶ 7, quoting *State v. Myers*, 10th Dist. No. 05AP-228, 2005-Ohio-5998, ¶ 28-29, 34. Pursuant to R.C. 2953.21(A)(2), a postconviction petition for relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." The statute provides limited exceptions to this rule. Relevant to the instant case, the trial court could only entertain appellant's untimely postconviction petition if he has established that (1) "[he] was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief * * *" and (2) "but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted * * *." R.C. 2953.23(A)(1). Appellant must prove the second prong by clear and convincing evidence. *Id.* The Supreme Court of Ohio has stated that a court lacks jurisdiction over a petition if one of these requirements are not met. *See State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 24, 41. "The distinction between the trial court assuming jurisdiction and denying appellant's petition for lack of jurisdiction is important because subject-matter jurisdiction 'is a court's power to hear and decide a case on the merits,' but 'a jurisdictional defect cannot be waived.' " *State v. Stewart*, 10th Dist. No. 19AP-458, 2020-Ohio-4709, ¶ 10, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998). Whether a trial court has subject-matter jurisdiction over an untimely petition for postconviction relief is a question of law, which an appellate court reviews de novo. *State v. Kane*, 10th Dist. No. 16AP-781, 2017-Ohio-7838, ¶ 9.

{¶ 15} In the case sub judice, appellant entered a guilty plea to the above charges in 2016. Appellant's petition for postconviction relief was filed in 2020. Accordingly, appellant's petition for postconviction relief was filed far beyond the statutory period set forth under R.C. 2953.21(A)(2).

{¶ 16} Regarding the limited statutory exceptions, appellant has failed to demonstrate that any of the exceptions apply to the present case. Appellant does not offer any viable reason for the delay in filing his postconviction petition, and the record is devoid of any grounds for prohibiting him from filing within the statutory deadline. While appellant's petition states that he received a copy of the discovery in prison, he fails to explain how or when this discovery was received. Moreover, appellant has failed to prove, by clear and convincing evidence, that but for the purported constitutional error in the case, a reasonable fact finder would have found him not guilty of the offenses of which he was convicted.

{¶ 17} Because appellant has failed to demonstrate that any of the R.C. 2953.23(A) exceptions apply, the trial court lacked jurisdiction to entertain, and subsequently deny, appellant's petition. *Apanovitch; see also Stewart*, (modifying a trial court's entry denying a postconviction petition and dismissing the petition as untimely).[1] As our jurisdictional determination proves dispositive, we decline to address appellant's remaining contentions.

{¶ 18} We do note, however, that appellant raised at oral argument, for the first time, that the trial court erred in failing to write findings of fact and conclusions of law.

---

[1] In *Stewart*, we provided extensive support for position that a trial court should dismiss a petition for postconviction relief when it lacks jurisdiction rather than deny the petition on some other grounds. We wrote:

> This court has previously advised trial courts should dismiss a petition for postconviction relief when jurisdiction is lacking, rather than denying the petition on some other grounds. *See, e.g., State v. Banks*, 10th Dist. No. 12AP-96, 2012-Ohio-3770, ¶ 11 ("the trial court did not err in denying appellant's petition, though technically the petition should have been dismissed for lack of jurisdiction); *State v. Mangus*, 10th Dist. No. 06AP-1105, 2009-Ohio-6563, ¶ 13 (affirming denial of postconviction petition as untimely filed even though trial court should have dismissed the petition for lack of jurisdiction); *State v. Russell*, 10th Dist. No. 05AP-391, 2006-Ohio-383, ¶ 10 (although trial court did not err in denying the petition on the merits, it should have been dismissed for lack of jurisdiction); *State v. Elkins*, 10th Dist. No. 10AP-6, 2010-Ohio-4605, ¶ 17 (the untimely postconviction petition should have been dismissed for lack of jurisdiction).

*Stewart* at ¶ 13.

This court has repeatedly said that " ' "[a] party may not change its theory of the case and present new arguments for the first time on appeal." ' " *Djordjevic v. State Med. Bd. of Ohio*, 10th Dist. No. 20AP-413, 2021-Ohio-3341, ¶ 21, quoting *Simmons v. Budde*, 10th Dist. No. 14AP-846, 2015-Ohio-3780, ¶ 10, quoting *Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-709, 2013-Ohio-2742, ¶ 13. It is well-established law that an appellate court will generally not consider arguments raised for the first time at oral arguments when a party had an opportunity to raise the issue in its brief. *Mun. Tax Invest. LLC v. Northup Reinhardt Corp.*, 10th Dist. No. 19AP-26, 2019-Ohio-4867, ¶ 32, citing *Serra v. Serra*, 10th Dist. No. 15AP-528, 2016-Ohio-950, ¶ 16; App.R. 12(A). Accordingly, as appellant makes no reference to such an argument in his brief, we will not address appellant's new theory raised for the first time during oral argument. Regardless, as we resolve this case based on other grounds, appellant's argument as to the trial court's lack of finding of facts and conclusions of law no longer concerns a genuine, live controversy, and is therefore moot.

{¶ 19} While we conclude that even though the trial court should have dismissed appellant's petition for lack of jurisdiction rather than deny the petition, we agree with the trial court's ultimate disposition of the case. Accordingly, appellant's assignment of error is overruled.

## IV. CONCLUSION

{¶ 20} Based on the foregoing reasons, we overrule appellant's sole assignment of error. The judgment of the Franklin County Court of Common Pleas is modified to reflect the dismissal of appellant's postconviction petition.

*Judgment modified;*
*postconviction petition dismissed.*

BEATTY BLUNT and MᶜGRATH, JJ., concur.

_____