[Cite as *Whispering Woods Communities, L.L.C. v. Orwig*, 2022-Ohio-4426.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Whispering Woods Communities, LLC                    Court of Appeals No.  L-22-1057

       Appellee                                            Trial Court No.  21CVG00179

v.

Amber Orwig                                          **DECISION AND JUDGMENT**

       Appellant                                          Decided:  December 9, 2022

* * * * *

Jeffrey M. Kerscher, for appellee.

Kevin J. Kenney, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, Amber Orwig, appeals the February 9, 2022 judgment of the Maumee Municipal Court, granting summary judgment in favor of appellee, Whispering Woods Communities, LLC, and awarding appellee damages in the amount of $4,100.00.

## A.    Facts and Procedural Background

{¶ 2} On April 9, 2021, appellee, the owner of Whispering Winds Mobile Home Community located at 13555 Neapolis-Waterville Road in Grand Rapids, Ohio, filed a complaint for forcible entry and detainer.  In its complaint, appellee alleged that appellant was a tenant at the mobile home park pursuant to a lease agreement, a copy of which appellee attached to its complaint.

{¶ 3} Under the terms of the lease, which the parties each executed on May 29, 2020, appellant agreed to pay monthly rent to appellee by the first day of each month in the amount of $650, plus $30 for water fees and $20 for sewer fees.  By its express terms, the lease began on June 1, 2020, and ended on May 31, 2021.  Further, the lease stated: "To end this lease Rental Agent or Tenant must give (30) thirty days notice before the ending date or any renewal period."  Additionally, the lease agreement stated that the lease was "on a month-to-month basis and will renew automatically each month until Rental Agent or Tenant gives 30 days notice to end rental agreement."

{¶ 4} Referencing the lease, appellee alleged in its complaint that appellant had been in default since December 2020 because she failed to pay the rent and other charges that were due under the lease.  According to appellee, it served appellant with a three-day notice to vacate the premises on January 25, 2021, but appellant disregarded the notice and remained in possession of the premises without payment of rent.  As a result, appellee alleged that appellant "currently owes [appellee] $4,710.00 in back rent and other charges under the Lease, which continues to accrue monthly while [appellant]

2.

remains in possession." Appellee sought from the trial court restitution of the premises and an award of damages to compensate it for unpaid rent and any damages to premises that might be discovered upon appellant's relinquishment of the premises.[1]

{¶ 5} On May 19, 2021, appellant filed her answer to appellee's complaint, in which she denied any liability for unpaid rent and alleged that she was "no longer a tenant of the Premises having vacated those premises in April of 2021." The matter then proceeded through pretrial discovery until appellee filed a motion for summary judgment on December 1, 2021.

{¶ 6} In its motion for summary judgment, appellee argued that there were no issues of material fact to dispute that the parties had entered into the lease agreement attached to its complaint, and that appellant was in breach of the terms of said lease agreement for failure to pay rent "through the date [she] vacated the Premises after the commencement of this action." As of the filing date, appellee calculated that it was owed $4,920.00 in unpaid rent, plus late fees totaling $550.00. Thus, appellee requested summary judgment in its favor and an award of damages totaling $5,470.00.

{¶ 7} In support of its motion for summary judgment, appellee attached the affidavit of its managing member, David Munn. In the affidavit, Munn confirmed that appellant was a tenant at appellee's premises pursuant to the lease agreement, and

---

[1] The record contains no evidence of physical damage to the premises, and thus the trial court's award of damages to appellee was limited to appellant's unpaid rent.

3.

testified that appellant "has not paid rent and other charges (water, sewer, pet fees, late fees) pursuant to the Lease, since December 2020."

{¶ 8} On January 11, 2022, appellant filed her memorandum in opposition to appellee's motion for summary judgment. In her memorandum and in her affidavit attached thereto, appellant provided several additional facts for the trial court's consideration. At the outset, appellant acknowledged that she entered into the lease agreement with appellee on May 29, 2020. According to appellant, she began "complaining about the condition of the premises especially the sole bathroom" in November 2019, and appellee's rental agent assured her that the bathroom would be "repaired and brought to code." Despite these assurances, and notwithstanding further written complaints made by appellant (none of which were attached to appellant's affidavit or made part of the record), appellee's rental agent did not repair the bathroom. Nonetheless, appellant acknowledged that appellee hired repairmen and a plumber in September 2020 and ultimately "entirely replace[d] the bathroom" at that time. During the three weeks it took to complete the work, appellant was reportedly unable to use the bathroom.

{¶ 9} As to rent payment issues, appellant asserted that appellee's rental agent agreed to accept a payment of $2,000 to bring her current on her rent through October 2020. According to appellant, she borrowed that sum of money from her father and made the payment to appellee. Further, appellant stated that she encountered financial difficulties during the course of her tenancy as a result of contracting Covid-19 and

4.

suffering complications from the virus. She insisted that she was "in constant contact with both the owner and the rental agent who asked [her] to cooperate in [appellee's] attempt to obtain Covid relief funds," and she further stated that appellee agreed to accept reduced rent payments during this time period so long as agreed upon payments were made. Appellant stated that she was under the impression that appellee would receive her rent payments directly from an unidentified governmental rent relief fund.

{¶ 10} Ultimately, appellant indicated that unsanitary conditions at the premises forced her to vacate in April 2021. Her memorandum, however, is silent as to whether any rent payments were made from December 2020 until the time she vacated, which was the period of tenancy referenced in appellee's complaint. Nonetheless, appellant stated in her affidavit that she owed no further rent to appellee in light of "the monies already paid, the settlements made by the rental agent, the constructive eviction, and the monies received by [appellee] for Covid relief."

{¶ 11} Relying upon the assertions contained in her affidavit, appellant insisted that there were questions of fact concerning whether she failed to pay required rent payments and whether there were any "settlement/concession agreement made by the rental agent over the months of [her] tenancy." With such questions of fact in mind, appellant insisted that summary judgment was inappropriate. The record reflects that appellant did not assert the affirmative defense of constructive eviction in her answer to appellee's complaint, and she introduced no evidence to support her claim of a settlement with appellee's rental agent. Likewise, she did not introduce evidence to show that she

5.

made any rent payments after November 2020 or that appellee received any Covid relief funds to satisfy her rent obligations from December 2020 until she vacated the premises.

{¶ 12} In response to appellant's memorandum, appellee filed a reply on January 18, 2022. Appellee argued that appellant's reliance upon the defense of accord and satisfaction in her memorandum was misplaced because she failed to include that defense in her answer to its complaint. Moreover, appellee noted that appellant's alleged accord and satisfaction defense only addressed rent through July 2020, and thus was irrelevant to appellee's claims concerning rent payments not made since December 2020. In addition, appellee argued that appellant's statements concerning its receipt of Covid-19 rent relief funds should be disregarded as they were not based on appellant's personal knowledge as required under Civ.R. 56(E). To refute this notion, appellee attached a supplemental affidavit from Munn to its reply, in which Munn stated that appellee had not received any relief funds to apply toward appellant's rent payment obligations. In the supplemental affidavit, Munn further noted that his initial calculation of unpaid rent failed to account for appellant's deposit of $650 and prepayment of her last month's rent in the amount of $750. Consequently, Munn revised down to $4,110 his calculation of the actual amount of rent and late fees owed and outstanding.

{¶ 13} As to appellant's constructive eviction argument, appellee noted appellant's acknowledgement that she resolved the issues with her bathroom in September 2020, and further argued that appellant's affidavit lacked any evidence of subsequent problems with the condition of the premises, as necessary to sustain a claim of constructive eviction.

6.

Moreover, appellee argued that appellant's constructive eviction argument must fail because she continued to reside in the premises from October 2020 until May 2021 without paying rent.

{¶ 14} On February 9, 2022, a hearing was held on appellee's motion for summary judgment.[2]  Upon consideration of the parties' arguments, the trial court issued its decision on February 9, 2022.  In its entirety, the trial court's decisions reads as follows:

> This cause came before the Court on Plaintiff's Motion for Summary Judgment.  For good cause shown, the Court finds said motion well taken and is hereby GRANTED.
>
> It is therefore, ORDERED, that Plaintiff, Whispering Winds Community, LLC, be granted summary judgment against Defendant in the amount of $4,100.00.

{¶ 15} Two days after the trial court issued its decision, appellant filed a motion requesting findings of fact and conclusions of law under Civ.R. 52.  The trial court denied

---

[2] On October 14, 2022, appellant's counsel filed a motion with this court seeking a continuance of oral argument based upon his discovery that the record on appeal did not include the transcript of the summary judgment hearing, which he indicated was "critical to demonstrating that the Appellant had presented evidence sufficient to create a genuine issue of material fact" that would have precluded summary judgment.  On October 18, 2022, we issued an order denying appellant's request to reschedule oral argument.  In our order we stated: "Appellant may supplement the record pursuant to App.R. 9 with the transcript of the summary judgment hearing within 30 days of this decision."  Notwithstanding this language, appellant has not supplemented the record with the hearing transcript.  As such, the arguments raised at the hearing before the trial court are not before us in the present appeal.

7.

appellant's motion on February 14, 2022, after observing that Civ.R. 52 does not require a trial court to issue findings of fact and conclusions of law for summary judgment motions. Thereafter, on March 4, 2022, appellant filed her timely notice of appeal.

### B. Assignments of Error

{¶ 16} On appeal, appellant assigns the following errors for our review:

> The Defendant/Appellant states that the summary judgment motion granted by Maumee Municipal Court Judge Hazard was in error due to the multiple genuine issues of fact as to the amount due Plaintiff/Appellee as past due rent. Judge Hazard and the Maumee Municipal Court did commit an abuse of discretion in awarding the Appellee summary judgment and an award of $4,100.00.

## II. Analysis

{¶ 17} In appellant's sole assignment of error, she contends that the trial court erred in granting appellee's motion for summary judgment.

{¶ 18} We review the grant or denial of a motion for summary judgment de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate where (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that

8.

conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 19} On a motion for summary judgment, the moving party has the burden of demonstrating that no genuine issue of material fact exists. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). In doing so, the moving party must point to some evidence in the record in the form of "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action[.]" Civ.R. 56(C); *Dresher* at 292-293. The burden then shifts to the nonmoving party to provide evidence showing that a genuine issue of material fact does exist. *Dresher* at 293. The failure to satisfy this reciprocal burden warrants judgment against the nonmoving party. *Id.*

{¶ 20} Here, appellee met its initial burden of demonstrating that no genuine issue of material fact exists through the testimony provided by Munn's affidavit, which was attached to its motion for summary judgment. However, appellant argues that her affidavit presented conflicting evidence demonstrating a genuine issue of material fact that would preclude summary judgment in this case. In particular, appellant points to her testimony denying that she owes the amount of unpaid rent claimed by appellee as well as her statements concerning the existence of "a number of settlement/concession agreements made by the rental agent over the months of [her] tenancy."

{¶ 21} In response, appellee insists that appellant's affidavit raised no issues of fact that were material to the parties' dispute over unpaid rent for the time period

9.

beginning in December 2020 and ending in May 2021. Appellee aptly summarizes appellant's affidavit and the arguments contained therein, as follows: "[appellant's] affidavit states that appellant disputes the amount owed considering: (1) monies already paid, (2) settlements made by the rental agent, (3) constructive eviction, and (4) monies received by appellee for Covid relief."

{¶ 22} As to the alleged settlement discussions and rent already paid to appellee, appellant's affidavit stated:

8. In September 2020, the rental agent offered to settle on past due rent through the month of July, 2020 if I pad the sum of $200.00;

9. I made that payment in September 2020;

10. In addition to the $200.00 payment, I paid the rental agent in September 2020, the sum of $2,000.00 to bring my rent current through the month of October 2020;

11. My father provided a loan for the $2,000.00 payment so that I could make the additional September payment;

12. The amount of past due rent claimed by the Plaintiff is grossly overstated.

{¶ 23} According to appellee, this testimony and the arguments raised that reference it pertain to the defense of accord and satisfaction. Since appellant did not raise this defense in her answer, appellee argues it was waived. Alternatively, appellee notes that the alleged settlement agreements between its rental agent and appellant only

10.

covered rent through October 2020, and thus those alleged agreements are irrelevant to any unpaid rent from December 2020 onward.

{¶ 24} Upon review, we agree with appellee that the plain language of appellant's affidavit establishes that the settlements alleged by appellant in her affidavit involve only rent that was due through October 2020. The rent period for which appellee alleges it was not paid does not begin until December 2020. Thus, the settlements referenced by appellant in her affidavit, as well as the monies she paid to appellee in conjunction with those settlements, are immaterial to the claims raised by appellee in its complaint. Such settlements create no genuine issue of material fact as to whether appellant owes rent to appellee for her occupancy of the premises from December 2020 onward.

{¶ 25} At oral argument on appeal, appellant argued for the first time that the amount of unpaid rent during the relevant time period at issue in this case should be offset by the diminution in the value of the premises she suffered as a result of the bathroom issues that were resolved in September 2020. At the trial court, appellant offered nothing more than the conclusory statement in paragraph 12 of her affidavit that the amount of past due rent was "grossly overstated." She offered no testimony as to diminution of value or evidence to enable a calculation of diminution of value.

{¶ 26} Further, "[i]t is well-established law that an appellate court will generally not consider arguments raised for the first time at oral arguments when a party had an opportunity to raise the issue in its brief." *State v. Clay*, 10th Dist. Franklin No. 21AP-566, 2022-Ohio-2878, ¶ 18, citing *Mun. Tax Invest. LLC v. Northup Reinhardt Corp.*,

11.

10th Dist. Franklin No. 19AP-26, 2019-Ohio-4867, ¶ 32 and App.R. 12(A). Since appellant makes no argument in her brief that she should receive an offset in the amount of unpaid rent due to the issues she previously experienced with the bathroom, we will not address that argument here.

{¶ 27} We now turn to the matter of constructive eviction. In support of her constructive eviction argument before the trial court, appellant stated the following in her affidavit:

> 5. From November 2019 through September 2020, I sent numerous and regular texts informing the rental agent that the sole bathroom in the Premises did not work, that it was unsanitary, contained black mold and rotted floors and was in violation of the health code;
>
> 6. In September of 2020, after bypassing the rental agent and contacting the owner, the Landlord paid repairmen and a plumber to entirely replace the bathroom which took three weeks to complete;
>
> 7. During the month of September 2020, I was without use of a bathroom at the Premises.

{¶ 28} Referencing this language, appellee argues that constructive eviction is inapplicable here because appellant acknowledged that the issues related to the bathroom never forced her to vacate the premises and they were fully resolved by September 2020.

{¶ 29} Notably, appellant does not specifically raise or address the issue of constructive eviction in her brief to this court. However, this issue was raised and argued

12.

before the trial court, and was referenced by the parties on appeal during oral argument. Nonetheless, even after considering the arguments concerning constructive eviction, we agree with appellee that the defense is clearly unavailable to appellant in this case. In order to establish constructive eviction, the tenant must demonstrate that she actually vacated the premises, which appellant did not do. *Bogner v. Titleist Club, LLC*, 6th Dist. Wood No. WD-06-039, 2006-Ohio-7003, ¶ 21. Consequently, constructive eviction does not preclude summary judgment in this case.

{¶ 30} Finally, we consider whether appellant's testimony concerning appellee's receipt of Covid-relief funds created a genuine issue of material fact precluding summary judgment. Again, we turn to the language of the affidavit, which states:

13. Many of the months that I lived at the Premises, I remained unemployed due to Covid;

14. When asked by the Landlord to assist him in getting governmental rental relief, I cooperated fully and was told that Landlord was able to secure such rental relief;

15. I was lead (sic.) to believe that Landlord would receive my rent from governmental rental relief fund.

{¶ 31} For its part, appellee argues that the foregoing language "does not establish that Appellee ever actually received Covid relief funds to satisfy Appellant's rent." Further, appellee contends that appellant's affidavit did nothing to refute Munn's

13.

testimony in his supplemental affidavit, wherein he stated that appellee "never obtained any Covid relief funds to be applied toward [appellant's] rent."

{¶ 32} Upon review, we find that the statements made by appellant in her affidavit relating to Covid rental relief funds are vague, unsupported, self-serving, and rely upon unspecified representations from persons other than the affiant. Appellant's affidavit is vague insofar as it does not specify the months for which appellant was allegedly unemployed due to Covid.

{¶ 33} Further, appellant's testimony that she was told that appellee received relief funds and was led to believe that her rent payments would be paid through the funds was self-serving because it was unsupported by any other evidence, documentary or otherwise. For example, appellant did not attach any documentation to show the existence of a Covid-related rental relief program that would have applied in this case and resulted in the payment of appellant's rent obligation to appellee for the rent period at issue. In summary judgment cases, we have previously recognized that "[t]he nonmovant cannot avoid summary judgment by submitting an unsupported, self-serving affidavit." *Northwest Ohio Properties, Ltd. v. County of Lucas*, 6th Dist. Lucas No. L-17-1190, 2018-Ohio-4239, ¶ 30, citing *Bank of New York v. Barclay*, 10th Dist. Franklin No. 03AP-844, 2004-Ohio-1217, ¶ 13.

{¶ 34} Appellant's testimony that appellee received her rent through Covid-relief funds is vague, unsupported, and self-serving. Thus, it does not create a genuine issue of material fact precluding summary judgment.

14.

**{¶ 35}** In sum, we find that Munn's affidavit and supplemental affidavit was sufficient to demonstrate that no genuine issue of material fact exists and appellee was entitled to judgment as a matter of law in the amount of $4,110, the amount specified by Munn and unrefuted by appellant. Appellant's evidence in opposition to appellee's motion for summary judgment failed to satisfy appellant's reciprocal burden to create a genuine issue of material fact. Therefore, the trial court did not err in granting appellee's motion for summary judgment.

**{¶ 36}** Accordingly, appellant's sole assignment of error is not well-taken.

### III. Conclusion

**{¶ 37}** Accordingly, the judgment of the Maumee Municipal Court is affirmed. Costs of this appeal are assessed to appellant under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                    _____
                                                                JUDGE

Gene A. Zmuda, J.                    

Myron C. Duhart, P.J.                           _____
CONCUR.                                                          JUDGE


                                                                _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.