[Cite as *Avita Health Sys. v. Robertson*, 2024-Ohio-1619.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

Avita Health System

    Appellee

v.

James Robertson

    Appellant

Court of Appeals No.  H-23-020

Trial Court No.  CVF2201300

**<u>DECISION AND JUDGMENT</u>**

Decided:  April 26, 2024

* * * * *

John C. Oberholtzer, for appellant.

* * * * *

**ZMUDA, J.**

**{¶ 1}** Appellant, James Robertson, appeals the June 8, 2023 order of the Norwalk Municipal Court granting summary judgment in favor of appellee, Avita Health System. Because no genuine issue of material fact remains, we affirm.

## I.  Background

**{¶ 2}** On October 11, 2023, appellee, a health services provider, filed a complaint against appellant asserting a claim styled as an "action on account/oral contract" and seeking payment for an outstanding balance of $4,820.28 and $417.60 in prejudgment

statutory interest. Attached to the complaint was an account summary listing dates and locations of the services appellee claimed to have provided to appellant, with each entry containing an outstanding balance and a corresponding amount of prejudgment interest. Appellee filed an answer denying the claims and asserting several affirmative defenses.

{¶ 3} Following written discovery, appellee moved for summary judgment. Appellee's motion asserted that appellee provided medical services to appellant in 2020 and appellant failed to pay for the services. Appellee argued that in an action on an account for services provided, a plaintiff is entitled to recover the reasonable value of the services. Appellee, citing to *Robinson v. Bates*, 2006-Ohio-6362, paragraph one of the syllabus, contended that a medical provider's bill is prima facie evidence of the reasonable value of the services. Accordingly, appellee argued that its itemizations of services—attached to a supporting affidavit filed with the motion as Exhibit A—were prima facie evidence that the charges were reasonable, and if appellant failed to rebut the presumption, then appellee was entitled to summary judgment. Further, appellee argued that because the charges reflected contracted rates between appellee's insurance provider and appellant, appellant should join his insurance provider if appellant questioned their reasonableness. Finally, appellee referred to a second affidavit, exhibit B, to support its calculation of prejudgment interest.

2.

{¶ 4} Exhibit A to appellee's motion for summary judgment was the affidavit of Morgan Jones, patient receivables manager for appellee.[1] Appellee attested to having personal knowledge of the matters in the affidavit. In the affidavit's second paragraph, Jones stated that she had reviewed the account statements and records kept in appellee's usual course of business, and after reviewing these records, she determined that appellant's principal balance was $4,820.28 for medical services provided by appellee. Jones further attested that the balance reflected "the reasonable and customary charges for the services."

{¶ 5} In the affidavit's third paragraph, Jones stated that the records referenced in the affidavit's second paragraph "were made at or near the time of service, * * * by or from information transmitted by a person with knowledge[,] * * * kept in the ordinary course of business and are a product of the regular practice of [appellee]." The affidavit further declared that attached to the affidavit were documents that constituted a "true and accurate copy of account for [appellant]."

{¶ 6} Finally, in paragraph 4, Jones averred that appellee had billed any insurance or third-party payers identified by appellant, and the amounts listed in the attachments were the remaining balances "based upon the agreed upon and contracted rates with [appellant's] private health insurer, Anthem."

---

[1] Although the affidavit in exhibit A to appellee's motion for summary judgment was unexecuted, appellee filed a supplement to its motion for summary judgment providing the executed affidavit.

{¶ 7} The attachments to Jones's affidavit are 11 documents labeled as "itemizations of services" for appellant. Each itemization contains a service location, provides a service date, and states that appellant was insured through Anthem. Each itemization also states that the charges are either professional charges or hospital charges, and identifies either a specific medical provider or a department specialty. The itemizations also list charges for services, payments made by Anthem, deductible or co-insurance amounts, and contractual credits for Anthem insureds. The bottom of each itemization states the total billed charges as well as the patient's balance, which reflects the amount due after insurance payments and insurance contractual credits. The sum of each patient balance from all 11 itemizations is $4,820.28, the amount sought in appellee's complaint before prejudgment interest.

{¶ 8} Exhibit B to appellee's motion for summary judgment is the affidavit of Amy Daniels, an employee of Debt Recovery Solutions of Ohio, Inc., a collection agency. Daniels's affidavit was solely concerned with calculating prejudgment interest. Daniels asserted that she became familiar with appellant's unpaid statements with appellee when her employer was referred the account, and that she calculated the interest from the date the payment was due on the account until the date the account was referred to litigation. Attached to her affidavit were several pages providing detail about interest calculations for each charge.

{¶ 9} In opposing appellee's motion, appellant made several arguments: (1) the rationale in *Robinson v. Bates*, 2006-Ohio-6362, should only apply to claims against an

4.

insurance company or some other provider, not to claims against a patient; (2) appellant should owe no balance to appellee; (3) appellee did not submit an accounting of the payment history on appellant's account to reflect payments made by either appellant or which charges had been submitted to and either paid or denied by his insurance company; and (4) Jones's affidavit did not satisfy Civ.R. 56(E) because she did not look at original documents.

{¶ 10} Appellant also submitted his own affidavit to support his opposition to summary judgment.[2] In appellant's affidavit, appellant attested that on April 22, 2020, he visited appellee's Galion facility for a medical test and was hospitalized at the Ontario facility, he had health insurance through Anthem at that time, and he disputed "that the bill is for the reasonable value of services rendered and he has no way of knowing what his insurance provider paid and what is due."

{¶ 11} Appellee's reply contended that appellant failed to meet his burden of proof in providing competent credible evidence to establish a genuine issue of material fact. Appellee argued that appellant's affidavit contained only unsupported and self-serving assertions that were insufficient to create a genuine issue of material fact, and at

---

[2] Appellant also submitted the affidavit of appellant's counsel, John C. Oberholtzer, with his opposition brief. Oberholtzer's affidavit attached appellee's articles of incorporation, highlighting the sentence, "In no instance, however, will the Corporation engage in the practice of medicine." Appellant's purpose in attaching appellee's articles of incorporation and highlighting this particular sentence is unclear, as appellant did not make any arguments in his opposition or elsewhere referencing either the articles of incorporation or this particular sentence.

minimum, appellant would have had to submit an affidavit from someone other than himself. Further, appellee argued that its motion was supported by more than the "Bates-Robinson figures in the invoices," but also was supported by Jones's averment in the affidavit that the services were reasonable and customary.

{¶ 12} The trial court granted summary judgment in favor of appellee without specifically addressing the parties' arguments. Appellant filed a timely appeal of the order.

## II. Assignment of Error

{¶ 13} Appellant appeals the trial court's order granting summary judgment in favor of appellee, asserting the following assignment of error:

> The Trial Court erred in granting Plaintiff's Motion for Summary Judgment pursuant to Civil Rule 56 of the Ohio Rules of Civil Procedure.

## III. Law and Analysis

{¶ 14} In support of his assignment of error, appellant argues that appellee did not meet its summary judgment burden because appellee failed to submit evidentiary materials pursuant to Civ.R. 56(C) to support appellee's claim. Specifically, appellant argues that the "Robinson Bates" numbers in medical invoices should only apply to an insurance company or other provider, not to the patient; the itemizations were not properly certified through an affiant with personal knowledge; the itemizations were inaccurate; and appellee did not submit a certified accounting of the account history. Appellee did not file an opposition brief or otherwise appear in this appeal.

6.

{¶ 15} We review the grant or denial of a motion for summary judgment de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996); *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129 (9th Dist.1989). Under Civ.R. 56(C), summary judgment is appropriate where (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978). "A 'material fact' is one that would affect the outcome of the proceeding under the applicable substantive law." *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304 (6th Dist.1999).

{¶ 16} On a motion for summary judgment, the moving party has the burden of demonstrating that no genuine issue of material fact exists. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). In doing so, the moving party must point to some evidence in the record in the form of "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action[.]" Civ.R. 56(C); *Dresher* at 292-293. The burden then shifts to the nonmoving party to provide evidence showing that a genuine issue of material fact does exist. *Dresher* at 293. The failure to satisfy this reciprocal burden warrants judgment against the nonmoving party. *Id.*

7.

**{¶ 17}** Here, appellee's complaint asserted an action on an oral contract and under an account. A prima facie case for an action on an account requires the plaintiff to affirmatively establish the following:

An account must show the name of the party charged and contain: (1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due.

*Midland Funding LLC v. Coleman*, 2019-Ohio-432, ¶ 15 (6th Dist.).

**{¶ 18}** A party seeking payment for medical services, absent the admission of a written contract expressly setting the services' costs, proceeds under an implied contract theory. *St. Vincent Med. Ctr. v. Sader*, 100 Ohio App.3d 379, 384 (6th Dist.1995). Under an implied contract, one party has provided services to another party under circumstances in which they expect to be paid. *Id*. The amount owed for such services is "so much as they were worth," or their reasonable value. *Id*., quoting *Columbus, Hocking Valley & Toledo Ry. Co. v. Gaffney*, 65 Ohio St. 104 (1901).

**{¶ 19}** Here, in support of its motion for summary judgment, appellee submitted evidentiary materials to support its claim primarily in the form of Jones's affidavit. Jones's affidavit attested to the accuracy of 11 itemizations of services that appellee provided to appellant. Each itemization contained details regarding the charges,

8.

including an identification of the specialty or provider and date of service. The itemizations also reflect appellant's insurance benefits. They record payments Anthem made and state any co-insurance or deductibles that appellant was responsible to pay. In addition, the itemizations indicate that appellant was given contractual credits, meaning that appellant, as an insured through Anthem, was billed a lower rate for the medical services under appellee's contract with Anthem. The remaining balances on each itemization, therefore, were not merely appellee's customary charges, but instead reflect Anthem's payments and special rates that Anthem negotiated on appellant's behalf. In addition, Jones, as the patient receivables manager, asserted that the charges were reasonable and customary. Accordingly, Jones's affidavit was competent evidence asserting the reasonable value of the services provided.

{¶ 20} We find appellant's arguments challenging the itemizations unpersuasive. The balances do not reflect, as appellant alleges, the amounts that would be charged to an insurance company or another provider. Instead, as already discussed, they clearly reflect the amount that appellant owes after Anthem paid its portion of the bill and negotiated lower rates on appellant's behalf. Further, the itemizations contain detailed information about insurance credits and payments as well as appellant's co-insurance and deductibles, contrary to appellant's argument claiming that appellant failed to submit a full accounting to reflect his balance.

{¶ 21} Appellant's argument that Jones's affidavit was not based on personal knowledge also fails. "Generally, unless controverted by other evidence, an affiant's

9.

statement that he is making the affidavit based on his personal knowledge is sufficient to show that he is competent to testify to the matters in the affidavit." *Deutsche Bank Natl. Tr. Co. v. Boreman*, 2020-Ohio-3545, ¶ 33 (6th Dist.), citing *U.S. Bank Natl. Assn. v. Downs*, 2016-Ohio-5360, ¶ 20 (6th Dist.). Here, Jones attested that she had personal knowledge and reviewed appellant's account statements and records. Appellant has failed to submit or point to any evidence controverting Jones's statements regarding personal knowledge.

{¶ 22} Appellant also alleges that the itemizations were not properly authenticated. First, appellant argues that the affidavit authenticates documents attached to the complaint rather than those attached to the affidavit. Appellant is apparently referring to the statement in the affidavit's third paragraph that begins, "[t]he records referenced in Paragraph 2 memorialize the services rendered by Avita Health Services and the charges for each service * * *." However, this sentence does not mention the complaint at all, and instead is a reference to the second paragraph of the affidavit that discusses appellee's "account statements and records."

{¶ 23} Appellant also argues that Jones did not look at the original statements and therefore her affidavit does not satisfy Civ.R. 56(E). Civ.R. 56(E) does not require an affiant to expressly state that the affiant compared a copy of a document to its original. *Downs* at ¶ 44 (6th Dist.). Instead, an averment that the copy of the document attached to the affidavit is a true and accurate copy of the original document is sufficient to satisfy Civ.R. 56(E). *Id*. Here, Jones expressly averred that the attached itemizations were "a

10.

true and accurate copy of account for [appellant]." Accordingly, Jones's affidavit properly authenticated the attached itemizations under Civ.R. 56(E).

{¶ 24} Because appellee supported its motion for summary judgment with competent evidence establishing its claim against appellant, appellant is entitled to summary judgment unless appellant submitted competent evidence establishing a genuine issue of material fact still exists. Appellant did not do so. Instead, appellant submitted his own affidavit admitting he received medical services from appellee but disputing the charges and questioning their reasonableness, which is insufficient to withstand summary judgment. *See OhioHealth Corp. v. Ryan*, 2012-Ohio-60, ¶ 37-38 (6th Dist.) (holding that appellant's affidavit containing "bare refutations" that he did not owe the amount alleged in a medical bill and did not have information about reasonable and customary pricing of medical services was not sufficient to meet summary judgment burden). *See also Whispering Woods Communities, LLC v. Orwig*, 2022-Ohio-4426, ¶ 33 (6th Dist.), quoting *Northwest Ohio Properties, Ltd. v. County of Lucas*, 2018-Ohio-4239, ¶ 30 (6th Dist.) ("In summary judgment cases, we have previously recognized that '[t]he nonmovant cannot avoid summary judgment by submitting an unsupported, self-serving affidavit.'"). Because appellant did not present any evidence other than his own unsupported, self-serving affidavit, he did not establish that a genuine issue of material fact remains, and appellee was entitled to summary judgment.

{¶ 25} Accordingly, we find that the trial court did not err when it granted summary judgment to appellee, as there are no questions of material fact and appellees is

entitled to judgment against appellant. Accordingly, we find appellant's assignment of error not well-taken.

## IV. Conclusion

{¶ 26} For the foregoing reasons, the judgment of the Norwalk Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                                    _____

                                                                JUDGE

Gene A. Zmuda, J.

Charles E. Sulek, P.J.                              _____
CONCUR.                                                                   JUDGE

                                                                _____
                                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.